NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IDT CORPORATION,<br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>YOAV KRILL,<br>　　　　　　　Defendant. | Civil Action No. 13-1540 (SDW) (MCA)<br><br>**OPINION**<br><br><br>November 4, 2013 |

**WIGENTON**, District Judge.

Before this Court is Defendant Yoav Krill's ("Krill") Motion to dismiss the Complaint filed by Plaintiff IDT Corporation ("IDT") or alternatively, stay this matter. Krill moves pursuant to the *Brillhart/Wilton*[1] abstention doctrine, requesting that the Court abstain from exercising its jurisdiction over this matter, or in the alternative, stay the herein matter during the pendency of parallel state court litigation. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391(b)-(c). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Krill's Motion is **DENIED**.

**I.　　FACTS**

IDT is a Delaware corporation with its principal place of business in Newark, New Jersey. (Compl. ¶ 1.) Krill, a New York resident, was employed by IDT beginning on May 18, 1998, with a break in Krill's employment with IDT around April 2001 until approximately January 2003. (*Id*.

---

[1] *Brillhart v. Excess Ins. Co. of Amer.*, 316 U.S. 491 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

¶¶ 2, 6.) As alleged in the Complaint, Krill was an at-will employee with IDT, and the nature of his employment involved business development. (*Id*. ¶¶ 6-7.) IDT paid Krill a fixed annual compensation, and he also participated in IDT-sponsored employee benefit programs. (*Id*. ¶ 7.) According to the Complaint, Krill never had a written contract or agreement with IDT relating to his employment at any point during his career with IDT. (*Id*. ¶ 8.) IDT terminated Krill's employment on December 31, 2012, and alleges that he had received all compensation that he was owed up until the date of his termination. (*Id*. ¶ 9.)

IDT alleges that an actual controversy exists between the parties because Krill has threatened to sue IDT for money to which he is not entitled. (*Id*. ¶ 10.) As pled in the Complaint, on February 8, 2013, through counsel, Krill sent IDT's general counsel a letter alleging that IDT did not fulfill its obligations to Krill. (*Id*. ¶ 11.) The letter does not refer to any written agreement between the parties and instead asserts that Krill was "entitled to recover an amount in excess of $2,000,000" from IDT. (*Id*.) Furthermore, the letter states that if the matter was not resolved to Krill's satisfaction, he would pursue all available legal remedies against IDT. (*Id*. ¶ 12.) Conversely, IDT maintains that Krill is not entitled to any additional compensation or severance payment. (*Id*. ¶ 15.) IDT bases these claims on the contention that Krill was an at-will employee of IDT, such that it could terminate Krill "at any time for any non-discriminatory reason, without paying Krill any further compensation." (*Id*. ¶ 16.)

## II. PROCEDURAL HISTORY

On March 12, 2013, IDT filed the Complaint commencing the herein matter in the United States District Court for the District of New Jersey, seeking a declaratory judgment ruling, *inter alia*, that: "(1) Defendant Krill has no valid and legally cognizable claim against IDT; (2) Defendant Krill was an at-will employee of IDT; (3) IDT is not required to pay any further

compensation to Defendant Krill; [and] (4) IDT is not required to pay any severance to Defendant Krill." (*See id*.)

On the same day, Krill, as plaintiff, filed a five-count Complaint in the Superior Court of New Jersey, Essex County, alleging that his wrongful termination resulted in: (1) a breach of express contract by IDT; (2) a breach of implied contract by IDT; (3) IDT's unjust enrichment; (4) a breach of an implied covenant of good faith and fair dealing by IDT; and (5) common law fraud by IDT and Howard Jonas ("Jonas"), IDT's chief executive officer and a resident of the State of New York (hereinafter, the "State Court Action"). (*See* Compl., *Krill v. IDT Corp.,* Docket No. ESX-L-002012-13). The gravamen of Krill's allegations in the State Court Action is that he and Jonas negotiated a severance agreement wherein Krill would receive $2,500,000 over a four (4) year period. (*Id*. ¶¶ 10-13.) Jonas, on behalf of IDT, entered into the agreement, however, with full knowledge that IDT was unable to pay that sum of money. (*Id*. ¶ 16.) Consequently, Krill filed the instant Motion, beseeching this Court to dismiss the federal court Complaint or in the alternative, stay this proceeding given the pendency of the State Court Action.

### III. LEGAL STANDARD

Under the Declaratory Judgment Act (the "Act"), 28 U.S.C. § 2201, *et seq.*, district courts possess discretionary power to retain jurisdiction over matters that otherwise have federal subject matter jurisdiction. In pertinent part, the Act states as follows:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . .

*Id*. at § 2201(a). In the seminal case of *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), the Supreme Court addressed the question of whether a district court should abstain from exercising jurisdiction conferred by the Act when a parallel action is pending in state court. *See id*.

3

at 494-95. The Supreme Court makes clear in *Brillhart* that the mere existence of a parallel state court proceeding is not dispositive of whether the district court should abstain from deciding the matter; rather, district courts are instructed to assess the adequacy of the state court proceeding and to assess whether the controversy can better be settled in that forum. *Id*. at 495; *United States v. Pa. Dep't of Envtl. Res.*, 923 F.2d 1071, 1075 (3d Cir. 1991). In making this assessment, the Supreme Court advises district courts to consider the following non-exclusive factors: 1) "the scope of the pending state court proceeding and the nature of defenses open there[,]" 2) "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, [3] whether necessary parties have been joined, [and 4] whether such parties are amenable to process in that proceeding." *Brillhart*, 316 U.S. at 495. Thus, under the legal precepts annunciated in *Brillhart*, the decision whether to retain jurisdiction over a matter brought under the Act is left to the district court's sound discretion. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).

In the years following *Brillhart*, a question emerged as to whether *Brillhart's* discretionary standard remained applicable, or whether a more stringent standard governed a district court's decision to abstain from hearing a matter. *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 133-34 (3d Cir. 2000); *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14 (1983) ("'The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'") (citation omitted); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-20 (1976) (finding that since district courts have a "virtually unflagging obligation" to exercise their jurisdiction, district courts cannot abstain from hearing a case unless exceptional circumstances exist).

4

In *Wilton*, the Supreme Court removed all doubt as to whether *Brillhart* remained viable. The High Court reiterated that the Act is an enabling statute that "'confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton*, 515 U.S. at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). It pointed to the language of the statute, which explicitly states that a court "'*may* declare the rights and other legal relations of any interested party seeking such declaration.'" *Id*. at 286 (quoting 28 U.S.C. § 2201(a)). The Court therefore concludes as follows:

> Consistent with the nonobligatory nature of the remedy [available under the Act], a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

*Id*. at 288. Thus, it is well-settled that the sound discretion of the district court is the appropriate standard used when determining whether to either retain jurisdiction or abstain from hearing a matter brought under the Act.

With the proper standard declared and reaffirmed, the Third Circuit has enumerated several more factors, in addition to the factors outlined in *Brillhart*, that district courts should consider:

"(1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

(2) the convenience of the parties;

(3) the public interest in settlement of the uncertainty of obligation; and

(4) the availability and relative convenience of other remedies."

*Pa. Dep't of Envtl. Res.*, 923 F.2d at 1075 (citing *Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1224 (3d Cir. 1989)); *Bituminous Coal Operators' Ass'n v. Int'l Union, United Mine Workers of Am.*, 585 F.2d 586 (3d Cir. 1978)).

5

## IV. DISCUSSION

In the instant matter, IDT's one-count Complaint seeks judgment declaring that, *inter alia*, Krill was an at-will employee of IDT and that he has no valid and legally cognizable claim against IDT. Application of the factors set forth in *Brillhart* and its progeny militate in favor of this Court maintaining jurisdiction over this matter. The essence of Krill's allegations in the State Court Action is that despite Jonas's promises and the mutually negotiated severance agreement, Krill is entitled to money damages from IDT because IDT did not fully compensate him after his separation from the company. As will be discussed more fully *infra*, all necessary parties are therefore before this Court. As such, this Court possesses jurisdiction and authority to fully adjudicate the rights of the parties. Thus, the *Brillhart* factors weigh in favor of this Court exercising jurisdiction.

Moreover, the additional factors that the Third Circuit set out similarly favor this Court exercising jurisdiction:

> *1. The likelihood that a federal court declaration will resolve the uncertainty of the obligation which gave rise to the controversy.*

IDT argues that a declaration by this Court will resolve this matter because "[i]f this Court finds that Krill was an at-will employee of IDT and has no valid or cognizable claims against IDT, the parties' dispute will be efficiently resolved." (Pl.'s Br. 5.) Krill retorts that "[a] decision by this Court would resolve nothing" since "[t]his Court cannot determine the role played by Mr. Jonas." (Def.'s Reply Br. 4.) Thus, Krill argues that should this Court determine that there was an agreement for IDT to pay Krill, he would still have to litigate his allegations against Jonas in state court. (*Id*.)

Krill's contention that a declaration by this Court would resolve nothing is unpersuasive. Of the five causes of action that Krill asserted in the State Court Action, four were asserted against

6

IDT only. (*See* State Court Action Compl.) The remaining cause of action, which pled common law fraud, was asserted against both IDT and Jonas. *Id*. Moreover, all of the actions that Krill alleged Jonas took were within the scope of Jonas's employment with IDT. Specifically, Krill alleged that Jonas, on behalf of IDT, negotiated a severance package in which Krill would receive, *inter alia,* $2,500,000. (*Id*. ¶¶ 10-12.) Krill acknowledged that "[b]oth Mr. Krill and Mr. Jonas on behalf of IDT manifested their acceptance of an agreement to these terms." (*Id*. ¶ 13.) Krill also alleged that "[a]t the time Mr. Jonas agreed to pay the entire $2.5 million, he knew that IDT would not and/or could not pay that sum." (*Id*. ¶ 16.) Tellingly, Krill admitted that *IDT* intended that Krill would rely upon the severance agreement (*Id*. ¶ 17) and Krill did, in fact, rely upon the representations of *IDT* that they had entered into a severance agreement (*Id*. ¶ 19). As such, any fraud claim arises from actions Jonas took within the scope of his employment with IDT. Krill does not even suggest otherwise. Thus, Krill's fraud claim is cognizable against IDT and can therefore be brought in this matter.

In sum, Krill's position that he cannot obtain complete relief before this Court is without merit. All five of the claims Krill asserted in the State Court Action against IDT are cognizable here via counterclaims, including his claim for common law fraud. The fact that Krill cannot assert a common law fraud claim against Jonas, because Jonas would destroy diversity and thereby strip this Court of jurisdiction, is of no moment. As explained *supra,* since Jonas's actions that give rise to Krill's fraud claim occurred within the scope of Jonas's employment, IDT, Jonas's employer, is the proper defendant. Therefore, a declaration of this Court will resolve the entirety of this controversy.

    2.    *The convenience of the parties.*

IDT argues that this factor weighs in favor of this Court exercising jurisdiction. (Plf.'s Br. 5.) It points to the fact that both the federal court and state court are located in Newark, and that federal courts have the advantage of single-judge case management. *Id.* Additionally, IDT highlights the existence of magistrate judges to manage discovery issues and preside over settlement conferences. *Id.* For his part, Krill argues that this factor is neutral because both courts are located in Newark. (Def.'s Reply Br. 4.) As the parties readily acknowledge, both the federal and state court are located in Newark, where IDT is also headquartered. In that regard, it would not inconvenience either party for this matter to be litigated in federal court, as opposed to state court.

    *3.    The public interest in settlement of the uncertainty of obligation.*

IDT argues that this factor weighs in favor of this Court retaining jurisdiction because IDT "is greatly hampered by the public threat and continued appearance of confusion over its purported obligation to Krill." (Plf.'s Br. 6.) Krill scoffs at this argument and counters that IDT has not demonstrated that this dispute is of any significant import to the public. (Def.'s Reply Br. 4.) The issues raised by this litigation do not appear to be of special concern to the public; they are limited to a dispute between an employer and its former employee. There are also no public policy concerns at issue. From a legal perspective, the Court notes that this matter does not raise any novel or complex issues of state law necessitating state court adjudication.

    *4.    The availability and relative convenience of other remedies.*

Krill argues that state court is the only forum in which a remedy is available for all parties. (Def.'s Reply Br. 4.) He maintains that he will be subjected to prejudice if this matter were to be litigated before this Court. (*Id.*) Although IDT does not specifically address this factor, it does point out that there are numerous judicial vacancies in Essex County, which will delay resolution

of this matter. (Plf.'s Br. 6).  While state court is another available forum, as previously discussed, it is not more convenient than federal court.  Additionally, the apparent dearth of judges in Essex County, combined with the federal practice of single-judge case management and utilization of magistrate judges, tilts this factor in favor of this Court retaining jurisdiction.

## V. CONCLUSION

In sum, after an analysis of the *Brillhart* factors and the additional factors proclaimed by the Third Circuit, this Court concludes that it should retain jurisdiction over this matter.  For the reasons set forth above, Krill's Motion is therefore **DENIED**.

s/ Susan D. Wigenton, U.S.D.J.

cc: Madeline Cox Arleo, U.S.M.J.
Parties